1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *
                                      )
9    CHRISTENE B. TOGNARELLI          )
                                      )
10              Plaintiff,            )        3:11-cv-0891-LRH-WGC
                                      )
11   v.                               )
                                      )        ORDER
12   MORTGAGE ELECTRONIC              )
     REGISTRATION SYSTEMS, INC.; et al., )
13                                    )
                Defendants.           )
14   _____ )

15         Before the court is defendant Cal-Western Reconveyance Corporation's ("CRC") motion to

16   dismiss (Doc. #3[1]) to which defendant Mortgage Electronic Registration Systems, Inc. ("MERS")

17   joined (Doc. #15). Plaintiff Christene B. Tognarelli ("Tognarelli") filed an opposition (Doc. #11) to

18   which CRC replied (Doc. #13).

19         Also before the court is defendant MERS's motion to expunge lis pendens. Doc. #16.

20   **I.    Facts and Procedural History**

21         In April, 2006, Tognarelli refinanced real property through a mortgage note and deed of

22   trust originated by defendant Guild Administration Corp. ("Guild"). Eventually, Tognarelli

23   defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

24         Subsequently, Tognarelli filed a complaint against defendants alleging two causes of action:

25

26   _____
           [1] Refers to the court's docket entry number.

1  (1) unlawful foreclosure - violation of AB 284; and (2) unlawful foreclosure - loan modification.

2  Doc. #1, Exhibit A. Thereafter, CRC filed the present motion to dismiss. Doc. #3.

3  **II.     Legal Standard**

4          CRC seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

5  state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a

6  claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

7  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

8  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

9  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

10  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

11  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

12  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

13          Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

14  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

15  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

16  the court to draw the reasonable inference, based on the court's judicial experience and common

17  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

18  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

19  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

20  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

21  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

22          In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

23  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

24  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

25  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

26

2

1  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

2  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

3  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

5  plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

6  **III.   Discussion**

7      **1.   AB 284**

8          In her complaint, Tognarelli alleges that defendants did not comply with the recent

9  amendments to Nevada's recording statute, AB 284. *See* Doc. #1, Exhibit A.

10          The court has reviewed the documents and pleadings on file in this matter and finds that

11  Tognarelli fails to state a claim for relief for a violation of AB 284. The recent amendments to

12  Nevada's recording statute, AB 284, which requires all assignments of the deed of trust to be

13  recorded, only applies to assignments and foreclosures occurring on or after October 1, 2011. Here,

14  it is undisputed that the underlying foreclosure, along with the filing of the notice of default and all

15  assignments, commenced in, or prior to, March, 2010. Thus, AB 284 does not apply to the

16  underlying foreclosure.

17      **2.   Loan Modification**

18          In her complaint, Tognarelli also alleges that defendants are precluded from pursuing the

19  underlying non-judicial foreclosure because the parties are engaged in a loan modification. *See*

20  Doc. #1, Exhibit A. However, there is no contract language requiring defendants to enter into a loan

21  modification with her. Further, Tognarelli has not alleged that defendants represented that the

22  pending foreclosure would be postponed while she filled out her loan modification application or

23  while it was being considered by defendants. Finally, Tognarelli has failed to establish the

24  existence of any loan modification or alleged any language in the loan modification that prevented

25  defendants from initiating the non-judicial foreclosure. As such, defendants were under no

26

1  obligation to stop the underlying non-judicial foreclosure proceedings. Accordingly, the court shall

2  grant CRC's motion to dismiss.

3

4          IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #3) is

5  GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

6          IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #16) is

7  GRANTED. Defendant Mortgage Electronic Registration Systems, Inc. shall have ten (10) days

8  from entry of this order to prepare an appropriate order expunging the lis pendens and submit the

9  same for signature.

10         IT IS SO ORDERED.

11         DATED this 21st day of May, 2012.

12

13                                              _____

14                                              LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

                                                4